FILED
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

FEB 1 7 2010

GREGORY C. LANGHAM
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 10-cv- '10 - CV - 0 0 3 3 2

JOSE JUAN FRANCISCO,
VINCIO GONZALEZ,
JOSE JUAREZ RAMIREZ, and
PEDRO GREGORIO RAFAEL,

    Plaintiffs,

v.

ALEJO SUSANO, individually and in his official capacity,
ALFONSO SUSANO, a.k.a. ALONSO SUSANO, individually and in his official capacity,
ALEJO CONSTRUCTION,
LUND-ROSS CONSTRUCTORS, Inc., a Nebraska Corporation, and
BASSWOOD CONSTRUCTORS GROUP, LLC, a Nebraska Limited Liability Company

    Defendants.

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 9 2010

GREGORY C. LANGHAM
CLERK

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.    Plaintiffs, Jose Juan Francisco, Vincio Gonzalez, Jose Juarez Ramirez and

Pedro Gregorio Rafael are laborers seeking redress for wage and hour and civil rights

violations they suffered while working on a Colorado Springs construction project in

2008.  They were recruited from Omaha, Nebraska to travel to Colorado to help construct

a senior citizen housing complex, only to be deprived the promised pay, lodging, food,

and, indeed, even their freedom of movement.  They are seeking relief pursuant to the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Trafficking Victims

Protection Reauthorization Act of 2003 (hereinafter "TVPRA"), 22 U.S.C. § 7171, 18

U.S.C. § 1589 and § 1590; Colorado statute and Colorado common law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question),

28 U.S.C. § 1337 (commerce), 29 U.S.C. § 201 *et seq.* (FLSA), 18 U.S.C. § 1589, § 1590

(TVPRA), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff

Workers' related claims under Colorado law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or

omissions giving rise to the claims occurred in the District of Colorado.

## PARTIES

4. At all times relevant to this action, Plaintiff Workers were employees of Defendants

within the meaning of the FLSA.

5. At all times pertinent to this action, Plaintiff Workers were employed by an enterprise

that had two or more employees engaged in commerce or in the production of goods for

commerce, *or* handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person.

6. Plaintiff Worker Jose Juan Francisco is a resident of Omaha, Nebraska.  Plaintiff Juan

Francisco was recruited in the spring of 2008 to travel to Colorado and work in Colorado

Springs for defendants Alejo Susano, Alfonso Susano (a.k.a., Alonso Susano), Alejo

Construction, Lund-Ross Constructors, Inc., Basswood Constructors Group, LLC

(hereinafter "Defendant Employers").

7.     Plaintiff Worker Vinicio Gonzalez is a resident of Omaha, Nebraska.  Plaintiff Gonzalez was recruited in the spring of 2008 to travel to Colorado and work in Colorado Springs for Defendant Employers.

8.     Plaintiff Worker Jose Juarez Ramirez is a resident of Omaha, Nebraska.  Plaintiff Worker Juarez Ramirez was recruited in the spring of 2008 to travel to Colorado and work in Colorado Springs for Defendant Employers.

9.     Plaintiff Worker Pedro Gregorio Rafael is a resident of Omaha, Nebraska.  Plaintiff Gregorio Rafael was recruited in early 2008 to travel to Colorado and work in Colorado Springs for Defendant Employers.

10.    Defendant Employer Alejo Susano is based in Omaha, Nebraska and holds himself out as a construction subcontractor.

11.    On information and belief, however, Defendant Employer Alejo Susano is an employee of Lund-Ross Constructors Inc., as defined in the Fair Labor Standards Act.

12.    Defendant Employer Alfonso Susano, also known as Alonso Susano (hereinafter "Alfonso Susano"), is based in Omaha, Nebraska and holds himself out as a construction subcontractor.

13.    On information and belief, however, Defendant Employer Alfonso Susano is an employee of Lund-Ross Constructors Inc., as defined in the Fair Labor Standards Act.

14.    Defendant Employer Alejo Construction is based in Omaha, Nebraska.

15.    On information and belief, Defendant Employer Alejo Construction is an unincorporated entity run by Alejo Susano.

16.    On information and belief, Alejo and Alfonso Susano are brothers.

17.   Defendant Employer Lund-Ross Constructors Inc. ("Lund-Ross") is a general contracting firm located at 1112 N. 13th Street, Omaha, Nebraska, 68102.

18.   Defendant Employer Lund-Ross was involved in the construction of the Wyndam Place Senior Residences in Colorado Springs, Colorado in 2008.

19.   The Lund-Ross Project Manager for the Wyndam Place Senior Residences project was Chris Ehlers.

20.   The President, Treasurer, Director and Co-owner of Lund-Ross is Larry Lundquist.

21.   Lund-Ross's registered agent is Douglas S. Lash, 2027 Dodge Street, Suite 501, Omaha, Nebraska, 68101.

22.   Defendant Basswood Constructors Group, LLC ("Basswood") was the overall contractor for the Wyndam Place project and does business at 1623 Farnam Street Suite 830, Omaha, Nebraska, 68102.

23.   At all relevant times all Defendants were employers within the meaning of 29 U.S.C. § 203(d) (FLSA) or joint employers as defined at 29 CFR § 791.2.

## STATEMENT OF FACTS

24.   Each Plaintiff Worker was recruited by Defendant Alejo Susano in Omaha, Nebraska to work as framers in the construction of the Wyndam Place II Senior Residence in Colorado Springs, Colo.

25.   Plaintiff Workers Juarez, Juan Francisco and Gonzalez each was promised a wage of $10 per hour to perform this framing work.

26.   Plaintiff Worker Gregorio Rafael was promised $11 per hour for similar work.

*Complaint*                                              4

27.   Defendant Alejo Susano promised each Plaintiff Worker free and "good" housing, free meals, trips back to Omaha every 15 days, and the promised wage.

28.   In reliance on these promises, each worker Plaintiff left his permanent home in Omaha to travel to Colorado Springs.

29.   Plaintiff Worker Gregorio Rafael worked from approximately March 10, 2008 through March 28, 2008.

30.   Plaintiff Workers Juarez, Juan Francisco and Gonzalez worked from approximately April 1, 2008 through mid-May, 2008.

31.   Wyndam Place II Senior Residences is located at 350 Las Animas and contains approximately 48 units.

32.   Wyndam Place provides affordable senior living for individuals 55 years and older, and is available to lower-income seniors.

33.   Wyndam Place was developed in partnership with the Housing Authority of the City of Colorado Springs.

34.   According to documents obtained through Colorado Open Records Act requests, Wyndam Place received a Low-Income Housing Tax Credit for this project through the Colorado Housing and Finance Authority of over $632,000.

35.   Once Plaintiff Workers began their employment in Colorado Springs, they were not paid the promised hourly wage.

36.   Plaintiff Workers regularly worked between 50 and 71 hours per week, but did not receive one-and-one-half-times their hourly rate for hours worked beyond 40 in a workweek.

37.   Plaintiff Workers did not receive their pay on their regularly scheduled pay day.

38.   Plaintiff Workers did not receive the promised "good" housing.  Instead, they were forced to sleep on the floor in the living room of a two-bedroom apartment.

39.   Defendants Alejo and Alfonso Susano slept in the bedrooms of this apartment.

40.   Defendants Alejo and Alfonso Susano supervised the workers throughout the day on the worksite, as they hauled wood and assembled the frame of the three-story apartment building.

41.   Defendants Alejo and Alfonso Susano thus were able to observe the workers essentially every hour of the day.

42.   Defendants Alejo and Alfonso Susano failed to provide the Plaintiff Workers with the promised meals.

43.   In a typical day, Defendants Alejo and Alfonso Susano provide Plaintiff Workers with two or three meals consisting of instant oriental noodle bowls (commonly referred to as "Ramen noodles") and perhaps an egg.

44.   Plaintiff Workers suffered hunger during their employment, to the point that they were weak and preoccupied, creating an unsafe work environment.

45.   Defendants Alejo and Alfonso Susano were verbally abusive toward the workers.

46.   As out-of-state residents, Plaintiff Workers did not know any people in Colorado Springs. Thus when they realized Defendants Alejo and Alfonso Susano were not paying them, Plaintiff Workers had no way of leaving the worksite.

47.   In addition, Plaintiff Workers are of indigenous Mayan background.  Their first language is Q'anjob'al, a Mayan dialect, and they speak only basic Spanish and no English.  With

this language barrier and the lack of contacts in Colorado Springs they were unable to seek help in the community.

48.   One Sunday when Plaintiff Workers Juarez, Juan Francisco and Gonzalez workers refused to work because they had not been paid, Defendant Alejo Susano threatened them they then would have to pay him a fine of $50.

49.   Defendant Alejo Susano did not impose a fine, but instead took all food from the shared apartment, so that the Plaintiff Workers were punished with hunger.

50.   Plaintiff Workers were told that if they left the apartment at night, they would be locked out.

51.   The lack of pay, poor nutrition, ethnic and geographic isolation in Colorado Springs, constant scrutiny and verbal abuse combined to place the Plaintiff Workers in a highly controlled situation where they were working for no pay and were unable to leave.

52.   Since the Plaintiff Workers did not receive their proper pay for work performed, generally they were unable to buy additional food to supplement their poor diets.

53.   Defendants Alejo and Alfonso Susano also failed to provide drinking water during the work day.

54.   Plaintiff Workers suffered thirst, dry mouths and dizziness due to lack of hydration. Since they did not receive their proper pay for work performed, generally they were unable to purchase water for themselves.

55.   At the worksite, Plaintiff Workers observed Defendants Alejo and Alfonso Susano interacting with personnel from Defendant Lund-Ross.

56.   According to photographs taken by one of the Plaintiff Workers, a Lund-Ross banner was hung on the structure, indicating it was a Lund-Ross project.

57.   Plaintiff Workers had knowledge that Defendants Alejo and Alfonso Susano worked with or for Lund-Ross on other projects in Omaha.

58.   Plaintiff Workers have observed Defendants Alejo and Alfonso Susano driving Lund-Ross vehicles and using Lund-Ross telephones.

59.   Plaintiff Workers believed that Defendants Alejo and Alfonso Susano were taking direction on a daily basis from Lund-Ross personnel in the construction project.

60.   Plaintiff Workers believe that Defendants Alejo and Alfonso Susano worked directly for Lund-Ross as employees and were not truly independent contractors.

61.   According to documents obtained through a Colorado Open Records Act request, to wit, Wyndam Place's application for a 2007 Low-Income Housing Tax Credit Application, the contractor on this project was Defendant Basswood Constructors, of Omaha, Nebraska.

62.   On information and belief, as the principal Contractor, Defendant Basswood made all major decisions about the construction details and work to be performed and maintained ultimate day-to-day operational control over the project, including the framing work.

63.   As such, Defendants' operations were not independent of each other and Defendants Alejo Susano, Alfonso Susano, Alejo Construction, and Lund-Ross acted in the interests of Defendant Basswood.

64. Defendants Alejo and Alfonso Susano engaged in the recruitment, transporting and harboring of Plaintiff Workers, with the objective of furnishing labor to Defendants Lund-Ross and Basswood.

65. To date, each Plaintiff Worker is owed his wages for three to six weeks of work, or a total of 170 to 350 hours of work, even though each made a written demand for wages within 60 days of escaping the employment.

66. Plaintiff Workers did not receive pay statements during their employment and Defendants did not appear to keep payroll records.

67. Extraordinary levels of control and a scheme of intimidation and abuse led Plaintiff Workers to believe that they would suffer serious harm if they did not perform the work and caused Plaintiff Workers to believe they could not leave Defendants' employment.

68. The Plaintiff Workers remained in the employment without pay for several weeks because of their geographic isolation, depleted will caused by lack of food, lack of finances, fear of reprisals, reliance on continued false promises made by Defendants Alejo and Alfonso Susano and because their only hope of being paid was to continue working.

69. When Plaintiff Juan Francisco indicated to Defendants Alejo and Alfonso Susano that he was considering taking legal action to obtain his wages, Defendants Alejo and Alfonso Susano told him there would be "consequences" if he did so. The Plaintiff Worker understood this to be a retaliatory threat.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE MINIMUM WAGE PROVISIONS
OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 206, *et seq.*

#### (All Defendants)

70.    Plaintiff Workers reallege and incorporate by reference the allegations set forth in paragraphs 1 through 69 as if set forth fully here.

71.    Defendants failed to pay the required federal minimum wages to Plaintiff Workers in violation of the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.,* and its implementing regulations, giving rise to a private cause of action under 29 U.S.C. § 216.

72.    Defendants violations of the FLSA were willful, in that the Defendants knew or showed reckless disregard for the issue of whether Defendants' conduct was prohibited under the FLSA.

73.    Defendants' failure to comply with the FLSA minimum wage protections caused Plaintiffs to suffer loss of wages and interest thereon.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE OVERTIME PROVISIONS
OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 207, *et seq.*

#### (All Defendants)

74.    Paragraphs 1 through 73 of this Complaint are incorporated as though fully alleged herein.

75.    At all times relevant to this action, Plaintiff Workers were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

76.    At all times relevant to this action, the Defendants were employers of the Plaintiff Workers within the meaning of 29 U.S.C. § 203(d).

77.    At all times relevant to this action, the Defendants employed the Plaintiff Workers within the meaning 29 U.S.C. § 203(g).

78.    At all times relevant to this action, Defendants employed Plaintiff Workers as an enterprise that had two or more employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

79.    The Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff Workers time-and-a-half their regular rate of pay for each hour Plaintiffs worked in excess of forty hours per week, giving rise to a private cause of action under 29 U.S.C. § 216.

80.    The Defendants' failure to pay Plaintiff Workers federally-mandated overtime pay was a willful violation of the FLSA; that is, the Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

81.    Plaintiff Workers are entitled to recover from Defendants, jointly or severally, their unpaid overtime wages, plus an equal amount as liquidated damages and costs of the action, pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF

### DISCRIMINATION (RETALIATION) PROHIBITED
### UNDER  THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 215(a)(3), *et seq.*

**(Defendants Alejo and Alfonso Susano)**

82.   Paragraphs 1 through 82 of this Complaint are incorporated as though fully alleged herein.

83.   In approximately June, 2008, Plaintiff Juan Francisco engaged in protected activity under the FLSA when he made a verbal demand to Defendants Alejo and Alfonso Susano for his unpaid wages and overtime.

84.   Plaintiff Juan Francisco indicated that he was considering seeking legal recourse to recover his unpaid wages and overtime.

85.   In the same conversation, in approximately June, 2008, Defendants Alejo and Alfonso Susano responded that if Plaintiff Juan Francisco brought a legal action against them, there would be "consequences."

86.   Plaintiff Juan Francisco perceived this statement as a threat against him and the other Plaintiff Workers.

87.   Defendants Alejo and Alfonso Susano's threat was discriminatory (retaliatory) under 29 U.S.C. § 215(a)(3).

88.   Defendants Alejo and Alfonso Susano's actions as described herein were committed with malice and with reckless indifference to the Plaintiff Workers' federally protected rights as employees.

89.   As a result of Defendants Alejo and Alfonso Susano's conduct, as described above, Plaintiff Workers suffered lost wages and overtime, pain and emotional distress, and are entitled to compensatory damages and punitive damages, in an amount to be fully determined at the trial hereof, according to proof.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT (TVPRA), FORCED LABOR, 18 U.S.C. § 1589, 1595

### (Defendants Alejo and Alfonso Susano)

90.   Paragraphs 1 through 89 of this Complaint are incorporated as though fully alleged herein.

91.   The forced labor provision of the TVPRA, 18 U.S.C. § 1589, makes it unlawful to knowingly provide or obtain the labor or services of a person by any one of, or by any combination of, the following means:

  (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

  (2) by means of serious harm or threats of serious harm to that person or another person;

  (3) by means of the abuse or threatened abuse of law or legal process; or

  (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint. 18 U.S.C. § 1589.

92.   Here, Defendants Alejo and Alfonso Susano knowingly arranged for the recruitment and transportation of Plaintiff Workers. They further knowingly provided the services of Plaintiff Workers to Defendants Lund-Ross and Basswood.

*Complaint*

93.    Defendants Alejo and Alfonso Susano used fraudulent promises, verbal abuse, physical isolation, physical discomfort, constant surveillance, food and water restrictions and the withholding of pay as a means of providing and obtaining the labor of the Plaintiff Workers.

94.    The aforementioned fraudulent promises, verbal abuse, physical isolation, physical discomfort, constant surveillance, food and water restrictions and the withholding of pay constituted a scheme, plan or pattern intended to cause the Plaintiff Workers to believe that if they did not perform the framing labor, they would suffer serious harm or physical restraint.

95.    As a result of Defendants Alejo and Alfonso Susano's misconduct, Plaintiff Workers have suffered injuries.

96.    Pursuant to 18 U.S.C. § 1595, Plaintiff Workers are entitled to bring a civil action and recover damages and reasonable attorneys' fees for Defendant Alejo and Alfonso Susanos' wrongful conduct.

### FIFTH CLAIM FOR RELIEF

**VIOLATION OF TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT (TVPRA), TRAFFICKING INTO SERVITUDE, 18 U.S.C. § 1590, 1595**

**(Defendants Alejo and Alfonso Susano)**

97.    Paragraphs 1 through 96 of this Complaint are incorporated as though fully alleged herein.

98.  The trafficking into servitude provision of the TVPRA, 18 U.S.C. § 1590, prohibits the recruiting, harboring, transporting, providing, or obtaining by any means any person for labor or services in violation of laws prohibiting slavery, involuntary servitude, debt bondage or forced labor.

99.  The statute further makes it illegal to obstructs attempt to obstruct, or in any way interfere with or prevent the enforcement of this section.

100.  Defendants Alejo and Alfonso Susano recruited, harbored, transported, provided and obtained the labor and services of Plaintiff Workers through involuntary servitude and forced labor.

101.  Defendants Alejo and Alfonso Susano achieved this through the use of fraudulent promises, verbal abuse, physical isolation, physical discomfort, constant surveillance, food and water restrictions and the withholding of pay.

102.  As a result, Plaintiff Workers have suffered injuries.

103.  Pursuant to 18 U.S.C. § 1595, Plaintiff Workers are entitled to bring a civil action and recover damages and reasonable attorneys' fees, for Defendant Alejo and Alfonso Susanos' wrongful conduct under this statute.

## SIXTH CLAIM FOR RELIEF

**VIOLATION OF COLORADO WAGE ACT Colo. Rev. Stat. § 8-6-101 *e seq.*.**
**(State Minimum Wage)**

**(All Defendants)**

104.   Paragraphs 1 through 103 of this Complaint are incorporated as though fully alleged herein.

105.   Defendants failed to pay the state-mandated minimum wages to Plaintiff Workers in violation of the Colorado Wage Act Colo. Rev. Stat. § 8-6-101 *et seq.*

106.   As a result, Plaintiff Workers suffered injuries.

107.   Pursuant to C.R.S. § 8-6-118, Plaintiff Workers are entitled to bring a civil action and recover their unpaid wages and costs.

## SEVENTH CLAIM FOR RELIEF

### VIOLATION OF COLORADO LABOR CODE Colo. Rev. Stat. § 8-4-109
### (Payment of Wages)

### (All Defendants)

108.   Paragraphs 1 through 107 of this Complaint are incorporated as though fully alleged herein.

109.   Defendants have willfully failed to pay Plaintiff Workers on the next regular payday after Plaintiff Workers left their employment and have continued to fail to pay after receiving a written demand for payments within sixty days of separation.

110.   As a result, Plaintiff Workers suffered injuries.

111.   Plaintiff Workers are entitled to a penalty pursuant to Colo. Rev. Stat. §§ 8-4-109(3)(b) and 8-4-109(3)(c).

## EIGHTH CLAIM FOR RELIEF

### VIOLATION OF COLORADO LABOR CODE Colo. Rev. Stat. § 8-2-104;
### Colo. Rev. Stat. § 8-2-107 (Obtaining of Workers by Misrepresentation)

*Complaint*

**(Defendants Alejo and Alfonso Susano)**

112.   Paragraphs 1 through 111 of this Complaint are incorporated as though fully alleged herein.

113.   Defendants Alejo and Alfonso Susano caused Plaintiff Workers to be brought into the State of Colorado to engage in work by means of false and deceptive representations regarding the kind and character of the work to be done, the amount and character of the compensation to be paid for such work, and the sanitary or other conditions of the employment in violation of Colo. Rev. Stat. § 8-2-104.

114.   Specifically, Defendants Alejo and Alfonso Susano deceived Plaintiff Workers by misrepresenting to them the amount of pay Plaintiff Workers would receive, the housing conditions that would be provided, the food that would be provided, and the ability to return to visit Omaha on occasion.

115.   As a result, Plaintiff Workers suffered injuries.

116.   Pursuant to Colo. Rev. Stat. § 8-2-107, Plaintiff Workers are entitled to bring a civil action and recover damages and reasonable attorneys' fees for Defendant Alejo and Alfonso Susanos' wrongful conduct

## NINTH CLAIM FOR RELIEF

### FALSE IMPRISONMENT (Colorado Common Law)

**(Defendants Alejo and Alfonso Susano)**

117.   Paragraphs 1 through 116 of this Complaint are incorporated as though fully alleged herein.

118.   Defendants Alejo and Alfonso Susano intended to and in fact did willfully and wantonly prevent the movement of Plaintiff Workers in opposition to their free will by force and fear without legal justification.

119.   Defendants Alejo and Alfonso Susano prevented the movement of Plaintiff Workers and created fear through fraudulent promises, verbal abuse, physical isolation, physical discomfort, constant surveillance, food and water restrictions and the withholding of pay. In particular, keeping the workers stranded in the apartment, withholding pay and removing all food from the apartment to force Plaintiff Workers to return to work created fear of hunger and of possible further reprisals that served to restrict their movement.

120.   Plaintiff Workers were fully aware that their freedom of movement was restricted.

121.   As a result, Plaintiff Workers suffered injuries including pain and suffering, humiliation, and emotional disturbance.

122.   Plaintiff Workers are entitled to damages.

## TENTH CLAIM FOR RELIEF

### OUTRAGEOUS CONDUCT (Colorado Common Law)

### (Defendants Alejo and Alfonso Susano)

123.   Paragraphs 1 through 122 of this Complaint are incorporated as though fully alleged herein.

124.   Defendants Alejo and Alfonso abused and exploited Plaintiff Workers and in doing so engaged in conduct so outrageous that it is atrocious and intolerable. Defendants Alejo

*Complaint*                                    18

and Alfonso engaged in such conduct with the knowledge that it was certain to cause severe emotional distress.

125.   As a result, Plaintiffs suffered severe emotional injuries that no person could be expected to tolerate, including humiliation, excessive ridicule, and anxiety associated with hunger, thirst and lack of freedom.

126.   Plaintiffs are entitled to damages.

## DEMAND FOR JURY TRIAL

127.   Plaintiffs demand a trial to a jury for all issues so triable.

## PRAYER FOR RELIEF

128.   Plaintiffs respectfully request that this Court enter an order:

    a)   assuming jurisdiction of this case;

    b)   Declaring that the Defendants as employers or joint employers have intentionally violated the FLSA and its implementing regulations as set forth in the First and Second Counts;

    c)   Granting judgment in favor of Plaintiff Workers and against Defendants on the FLSA claims as set forth in the First and Second Count, and awarding each of the Plaintiff Workers their unpaid minimum wages, overtime, an equal amount in liquidated damages and costs;

    d)   Granting judgment in favor of Plaintiff Workers and against Defendants Alejo and Alfonso Susano on the FLSA Discrimination claim as set forth

in the Third Count, and awarding each of the Plaintiff Workers punitive and compensatory damages;

e)  Declaring that Defendants Alejo and Alfonso Susano have knowingly and intentionally violated the TVPRA, 18 U.S.C. § 1589, and its prohibition on forced labor.

f.)  Granting judgment in favor of Plaintiff Workers and against Defendants Alejo and Alfonso Susano on claims brought under the TVPRA, 18 U.S.C. § 1589, as set forth in the Fourth Claim, and awarding Plaintiff Workers actual damages, punitive and exemplary damages, as well as attorneys' fees, where permissible;

g)  Defendants Alejo and Alfonso Susano have knowingly and intentionally violated the TVPRA, 18 U.S.C. § 1590, and its prohibition on trafficking into servitude.

h)  Granting judgment in favor of Plaintiff Workers and against Defendants Alejo and Alfonso Susano on claims brought under the TVPRA, 18 U.S.C. § 1590, as set forth in the Fifth Claim, and awarding Plaintiff Workers actual damages, punitive and exemplary damages, as well as attorneys' fees, where permissible;

i)  Declaring that Defendants as employers or joint employers have intentionally violated the Colorado Wage Act;

j)  Granting judgment in favor of Plaintiff Workers and against Defendants on the Colorado Wage Act claims as set forth in the Sixth Claim, and

awarding each of the Plaintiff Workers their unpaid balance of minimum wages and costs of the suit pursuant to Colo. Rev. Stat. § 8-6-118;

k)   Declaring that Defendants as employers or joint employers intentionally violated the Colorado Labor Code;

l)   Granting judgment in favor of Plaintiff Workers and against Defendants on the Colorado Labor Code claims as set forth in the Seventh Claim, awarding a penalty of 125 percent of wages due plus 50 percent or ten days worth of average daily earnings, whichever is greater, pursuant to Colo. Rev. Stat. §§ 8-4-109(b) and 8-4-109(c);

m)   Granting judgment in favor of Plaintiff Workers and against Defendants on the Colorado Labor Code claims as set forth in the Eighth Claim, awarding damages and attorney fees;

n)   Declaring that Defendants Alejo and Alfonso Susano falsely imprisoned Plaintiffs;

o)   Granting judgment in favor of Plaintiff Workers and against Defendants Alejo and Alfonso Susano on the false imprisonment claims as set forth in the Ninth Claim and awarding compensatory and exemplary damages.

p)   Declaring that Defendants Alejo and Alfonso Susano engaged in outrageous conduct;

q)   Granting judgment in favor of Plaintiff Workers and against Defendants on the outrageous conduct claims set forth in the Tenth Claim, and awarding damages;

r)      Awarding Plaintiff Workers pre- and post-judgment interest;

s)      Awarding the Plaintiff Workers the costs of this action;

t)      Awarding other punitive and exemplary damages in an amount to be

        proven at trial;

u)      Awarding compensatory and special damages in an amount to be proven

        at trial;

v)      Granting such further relief as this Court deems just and equitable.


Dated this 9th day of February, 2010.


                                /s Patricia Medige
                                Patricia Medige
                                COLORADO LEGAL SERVICES
                                1905 Sherman Street, Ste. 400
                                Denver, CO 80203-1811
                                Telephone: (303) 866-9385
                                FAX:  (303) 830-7860
                                E-mail: pmedige@colegalserv.org
                                Attorney for Plaintiffs


*Complaint*                               22