# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 10-cv-00332-CMA-MEH

JOSE JUAN FRANCISCO, et al.

    Plaintiffs,

v.

ALEJO SUSANO, et al.

    Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiffs Jose Juan Francisco, Vincio Gonzalez, Jose Juarez Ramirez and Pedro Gregorio Rafael ("Plaintiffs"), and Defendants Basswood Constructors Group, LLC ("Basswood") and Lund-Ross Constructors, Inc. ("Lund-Ross") (collectively, the "Parties"), by and through their respective counsel, hereby submit the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and request that it be entered as an Order of the Court:

WHEREAS, Defendants Basswood and Lund-Ross possess information and material which is not in the public domain and is confidential, proprietary, commercial and/or financial information not subject to disclosure;

WHEREAS, information and documents which may be sought in discovery and which may be exchanged between the Parties may include or incorporate such confidential, proprietary, commerical and/or financial information;

WHEREAS, the purpose of this Stipulated Protective Order is to facilitate the exchange of such documentation while protecting the confidentiality of such information;

WHEREAS, Fed. R. Civ. P. 26(c) provides for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances.

NOW, THEREFORE, it is hereby ORDERED that:

1. Any document which contains confidential, proprietary and/or financial information may be designated "Confidential" by stamping the term "Confidential" clearly and conspicuously on the face of each document containing such information. For a multi-page document, each page containing confidential information shall be stamped separately.

2. Any information and/or documents designated by a Party as "Confidential" must first be reviewed by a lawyer who must base the designation on a good faith belief that the information and/or document is consideration or otherwise entitled to the protection under Fed. R. Civ. P. 26(c).

3. All documents and information designated "Confidential" shall be used solely for the purposes of preparing for and conducting pre-trial, trial and post-trial proceedings in this action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided herein.

4. Documents marked or treated as "Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following:

    (a) Parties, including an officer, director, partner or in-house counsel of a Party;

    (b) outside counsel of record for the Parties or an employee of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

    (c) other employees of a Party for the purpose of working directly on the litigation at the request or at the direction of counsel;

(d) third party consultants and independent experts to whom it is necessary that the material be shown for purpose of assisting counsel in this litigation; and

(e) any witness or deponent in any deposition, hearing or at trial in this litigation.

5. Any Party or nonparty wishing to come within the provisions of this Protective Order shall designate the documents, materials, or portions thereof, which are considered confidential at the time such documents are produced by marking them "Confidential" in accordance with Section 1 hereof.

6. For deposition testimony, the witness or counsel shall invoke the provisions of this Protective Order by stating on the record during the deposition that specific testimony given at the deposition is designated "Confidential," or by designating the deposition transcript or portions thereof as "Confidential." No person shall be present during portions of the depositions designated "Confidential" unless such person is an authorized recipient of documents containing such confidential information under the terms of this Protective Order.

7. A Party may object to the designation of particular "Confidential" information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as "Confidential" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with

this Protective Order. In connection with a motion filed under this provision, the Party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

8. If a Party desires to give, show, make available or communicate any document marked "Confidential" to any person who is not specifically authorized to have access to such documents pursuant to paragraph 3, the requesting Party shall disclose to the other Parties the identity of the person to whom disclosure of the document is sought. The Parties shall then have ten (10) days to negotiate the terms of disclosure to said person and, if no agreement can be reached, the requesting Party may apply to the Court on notice within fourteen (14) days thereafter for court authorization to make such disclosure.

9. Documents, materials, information, interrogatory answers, and depositions stamped "Confidential," when filed with pleadings or offered as evidence at any hearing or trial, shall be delivered sealed to the Clerk of the Court pursuant to the procedures set forth in D.C.COLO.LCivR 7.2.

10. Upon termination of this litigation, the originals and all copies, whether exact copies or compilations, digests or non exact copies in any form, of designated "Confidential" documents, materials and information shall, upon request, be returned to the Party who produced such documents, materials and information, or may be disposed of in some other manner that is mutually agreeable among the Parties.

11. The termination of proceedings in this action shall not thereafter relieve the Parties from the obligation of maintaining the confidentiality of all documents, materials and information designated as "Confidential" which is received pursuant to this Protective Order.

APPROVED AS TO FORM:

| | |
|---|---|
| s/ Patricia Medige | s/ Matthew M. Enenbach |
| Patricia Medige | Matthew M. Enenbach |
| COLORADO LEGAL SERVICES | KUTAK ROCK LLP |
| 1905 Sherman Street, Ste. 400 | 1650 Farnam Street |
| Denver, CO 80203-1811 | Omaha, NE 68102 |
| Telephone: (303) 866-9385 | Telephone: (402) 346-6000 |
| pmedige@colegalserv.org | Matthew.Enenbach@kutakrock.com |
| | |
| Attorney for All Plaintiffs | Attorney for Defendants Lund-Ross Constructors, Inc and Basswood Constructors Group, LLC |

IT IS SO ORDERED

    Dated this 6th day of July, 2010, in Denver, Colorado.

                                BY THE COURT:

                                Michael E. Hegarty
                                United States Magistrate Judge