**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00332-CMA-MEH

JOSE JAUN FRANCISCO,
VINCIO GONZALEZ,
JOSE JUAREZ RAMIREZ, and
PEDRO GERGORIO RAFAEL,

      Plaintiffs,

v.

ALEJO SUSANO,
WILEY INNOVATIONS CONSTRUCTION CORP., and
DANIEL WILEY,

      Defendants.

---

**ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS
ALFONSO SUSANO AND WILEY INNOVATIONS CONSTRUCTION CORP.**

---

      This matter is before the Court pursuant to Plaintiffs' Motion for Default

Judgment against Defendants Alejo Susano and Wiley Innovations Construction

Corp. (collectively, "Defendants").[1]  (Doc. # 81.)  For the reasons discussed

below, default judgment shall be entered against Defendants.

## I.  BACKGROUND

      Pedro Gregorio Rafael, Jose Juan Francisco, Vincio Gonzalez, and Jose

Juarez Ramirez (collectively, "Plaintiffs") initiated this action on February 17,

2010, asserting violations by Defendants of: the Fair Labor Standards Act

---

[1] Defendants Alfonso Susano and Alejo Construction were voluntarily dismissed from this action on June 8, 2011.  (Doc. # 86.)  Similarly, Defendant Michelle Wiley was voluntarily dismissed on July 3, 2011.  (Doc. # 89.)  Daniel Wiley is still a party to this action but is not included in Plaintiffs' Motion.  (Doc. # 81.)

("FLSA"), 29 U.S.C. § 201, *et seq.*; the Trafficking Victims Protection

Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589, *et seq.*; the Colorado Wage

Claim Act ("CWCA"), Colo. Rev. Stat. § 8-6-101, *et seq.*; the Colorado Labor

Code, Colo. Rev. Stat. § 8-2-101, *et seq.*; and Colorado common law.  (Doc.

# 6.)  The claims stem from Defendants' purported abusive and coercive

techniques in recruiting and managing Plaintiffs during their construction work on

the Wyndam, a senior citizens center in Colorado Springs, Colorado.

     Plaintiffs contend that Defendant Susano recruited them from Omaha,

Nebraska, to help construct the Wyndam.  (Doc. # 82 at 5.)  Purportedly,

Plaintiffs agreed to work on the project in Colorado Springs for $10 to $11 an

hour.  (*Id.* at 5-6.)  In addition to their wages, Plaintiffs assert that Defendants

promised them: free housing, free meals, and a trip back to Omaha every fifteen

days.  (*Id.* at 6.)

     According to Plaintiffs, rather than live up to this bargain, Defendants

made Plaintiffs "sleep on the floor in the living room of a two-bedroom apartment"

and "left the Plaintiffs hungry to the point that they were weak . . . ."  (*Id.* at 7.)

Allegedly, Defendants used thirst and hunger to punish Plaintiffs while

simultaneously withholding pay.  (*Id.* at 7-8.)  According to Plaintiffs, when they

were finally paid they received less than their bargained-for wages and less than

minimum wage under the FLSA.  (*Id.* at 11.)

     The Clerk of the Court entered default against Alejo Susano on November

10, 2010 (Doc. # 65), and against Wiley Innovations Construction Corp. on

March 8, 2011 (Doc. # 68).  Plaintiffs then provided a Memorandum of Law

detailing the appropriate damage award for the default judgment.  (Doc. # 82.)

Thereafter, this Court ordered supplemental briefing on the appropriate damage

award for the TVPRA violations.  (Doc. # 93.)  Plaintiffs provided an August 1,

2011, Supplemental Memorandum of Law discussing the appropriate damage

award under the TVPRA.  (Doc. # 94.)  The Court has reviewed the motion, the

exhibits and affidavits, the memoranda, and the applicable law, and is sufficiently

advised on the issues involved.  Plaintiffs' Motion for Default Judgment is

granted.

## II.  <u>STANDARD OF REVIEW</u>

Default must enter against a party who fails to appear or otherwise defend

a lawsuit.  Fed. R. Civ. P. 55(a).  Pursuant to Fed. R. Civ. P. 55(b)(1), default

judgment must be entered by the clerk of court if the claim is for "a sum certain";

in all other cases, as here, "the party must apply to the court for a default

judgment."  Fed. R. Civ. P. 55(b)(2).  "[D]efault judgment must normally be

viewed as available only when the adversary process has been halted because

of an essentially unresponsive party.  In that instance, the diligent party must be

protected lest he be faced with interminable delay and continued uncertainty as

to his rights.  The default judgment remedy serves as such a protection."  *In re

Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and

citation omitted).  Finally, "when a default judgment is entered on a claim for an

indefinite or uncertain amount of damages, facts alleged in the complaint are

taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." *United States v. Craighead,* 176 Fed. Appx. 922, 925 (10th Cir. 2006) (unpublished) (quoting *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001)).

### III.  CONCLUSION OF LAW

Taking the facts discussed above as true, Defendants violated several state and federal laws.  The Court addresses each in turn.

### A.    FLSA VIOLATIONS

The FLSA provides covered workers a minimum wage and guarantee of overtime payment for all hours worked in excess of forty in a given workweek.[2] *See* 29 U.S.C. § 201, *et seq.*  An employer who violates the FLSA minimum wage provision is liable to the effected employee for the unpaid promised wage and an additional equal amount as liquidated damages.  29 U.S.C. § 216(b); *see also Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304-05 (10th Cir. 2011) ("The regular rate is the hourly rate actually paid for the normal, non-overtime workweek.") (internal quotation marks and citation omitted).  As interpreted, this provision allows for "both compensatory damages as well as 'an additional equal amount as liquidated damages,' essentially doubling the plaintiffs' damage award" for regular wage claims.  *Mumby v. Pure Energy Servs.*, 636 F.3d 1266, 1272 (10th Cir. 2011) (quoting 29 U.S.C. § 216(b)).

---

[2] The amount of the Court's award on this claim deviates from that articulated by Plaintiff because of errors contained in Plaintiffs' Memorandum of Law.  (*See* Doc. # 82 at 11-14.)

4

In addition to compensatory damages for regular hours worked, an employee who is required to work more than forty hours per week shall "receive[ ] compensation for his employment in excess of the [forty hours] at a rate not less than one and one-half times the [promised wage]." 29 U.S.C. § 207(a)(1). Additionally, as with regular hours, employees also receive liquidated damages for all unpaid overtime wages. 29 U.S.C. § 216(b) (employees shall receive "an additional equal amount as liquidated damages" for overtime wages). Accordingly, Plaintiffs' damages are as follows:

1. Plaintiff Rafael, who was promised a regular rate of $11 per hour, is due $1,320 for 120 regular hours, plus liquidated damages of $1,320 as permitted under the FLSA. 29 U.S.C. § 216(b). For his overtime claim, Plaintiff Rafael is entitled to $676.50 in damages for working 41 hours of overtime at one and one-half times his regular rate, plus a matching $676.50 in liquidated damages. 29 U.S.C. § 207; 29 U.S.C. § 216(b). Therefore, Plaintiff Rafael is entitled to $3,993 in damages for his FLSA claims.

2. Plaintiff Francisco, who was promised a regular rate of $10 per hour, is due $2,390 for 239 regular hours worked, plus liquidated damages of $2,390 as permitted under the FLSA. 29 U.S.C. § 216(b). For his overtime claim, Plaintiff Francisco is entitled to $1,605 in damages for working 107 hours of overtime at one and one-half times the regular rate, plus a matching $1,605 in liquidated damages. 29 U.S.C. § 207; 29

U.S.C. § 216(b).  Therefore, Plaintiff Francisco is entitled to $7,990 in damages for his FLSA claims.

3.  Plaintiff Gonzalez, who was promised a regular rate of $10 per hour, is due $2,390 for 239 regular hours worked, plus liquidated damages of $2,390 as permitted under the FLSA.  29 U.S.C. § 216(b).  For his overtime claim, Plaintiff Gonzalez is entitled to $1,605 in damages for working 107 hours of overtime at one and one-half times the regular rate, plus a matching $1,605 in liquidated damages.  29 U.S.C. § 207; 29 U.S.C. § 216(b).  Therefore, Plaintiff Gonzalez is entitled to $7,990 in damages for his FLSA claims.

4.  Plaintiff Ramirez, who was promised a regular rate of $10 per hour, is due $1,200 for 120 regular hours worked, plus liquidated damages of $1,200 as permitted under the FLSA.  29 U.S.C. § 216(b).  For his overtime claim, Plaintiff Ramirez is entitled to $442.50 in damages for working 29.5 hours of overtime at one and one-half times the regular rate, plus a matching $442.50 in liquidated damages.  29 U.S.C. § 207; 29 U.S.C. § 216(b). Therefore, Plaintiff Ramirez is entitled to $3,285 in damages for his FLSA claims.

**B.      TVPRA VIOLATIONS**

The TVPRA prohibits recruiting, harboring, transporting, providing, or obtaining by any means any person for labor or services in violations of laws prohibiting slavery or involuntary servitude.  18 U.S.C. § 1590(a).  This provision contains a civil enforcement section which provides, in pertinent part, that victims of the crimes articulated in the TVPRA may sue the perpetrators and "recover damages."  18 U.S.C. § 1595(a).  The statute offers no guidance regarding the appropriate damage award, and the precedent on this point is limited.  *See, e.g.*, *Aguilar v. Imperial Nurseries*, No. 3-07-cv-193, 2008 WL 2572250 (D. Conn. May 28, 2008) (unpublished).  The court in *Aguilar* entered default judgment in favor of twelve migrant workers for $3,000 per worker, per day for violations of the TVPRA.  *See id.* at *1-2.  Notably, the *Aguilar* court failed to proffer a reason for the claimed damage award.  *Id.*

Relying primarily on the motions and briefs filed in *Aguilar*, Plaintiffs each seek $3,000 per day for two distinct TVPRA claims: (1) being subjected to forced labor; and (2) being subjected to trafficking into servitude.  (Doc. # 82 at 18.)  Though the Court, accepting the facts alleged in the Complaint as true, agrees that Defendants' conduct was extremely reprehensible, neither *Aguilar* nor Plaintiffs' memoranda identify this Court's authority to award the damages requested.  Moreover, Plaintiffs fail to provide evidence pursuant to which this Court could reasonably calculate such an award.  Because Plaintiffs do not identify any authority for punitive damages and fail to provide the Court with

a metric for actual damages, beyond those awarded under the FLSA, the Court

enters a nominal damage award of $1 to each Plaintiff for all alleged TVPRA

claims.[3]

## C.    CWCA CLAIMS

The CWCA provides that the "compensation for labor or service earned,

vested, determinable, and unpaid" at the time of an employee's discharge are

"due and payable immediately."  Colo. Rev. Stat. § 8-4-109.  An employer's

failure to comply with the statute allows an employee to recover the greater of:

one-hundred and twenty five percent of the employees' wages (subject to certain

limitations) or ten days' pay.  Colo. Rev. Stat. §§ 8-4-109(3)(b)(I) & (II).

The FLSA does not preempt the CWCA.  *See Redmond v. Chains, Inc.*,

996 P.2d 759, 764 (Colo. App. 2000).  Accordingly, Plaintiffs are entitled to

"assert claims for relief under both statutes."  *Id.*  However, Plaintiffs provide

no authority, nor is the Court aware of any, allowing *recovery* under both.

Therefore, the Court will not permit dual recovery but, instead, will allow recovery

under the FLSA, which provides Plaintiffs with a greater damage award.

---

[3] Plaintiffs attempt to bootstrap their TVPRA damage award to their common law tort claims for false arrest and false imprisonment.  (*See* Doc. # 94 at 7-8.)  These claims, however, suffer from the same deficiencies as the TVPRA claim.  That is, Plaintiffs' argument is unconvincing because it fails to articulate concrete damages based on those claims.  (*Id.*)

### D.   REMAINING CLAIMS

Plaintiffs' First Amended Complaint includes additional claims under the Colorado Labor Code,[4] Colo. Rev. Stat. § 8-2-101, *et seq.*, and common law claims for false imprisonment and outrageous conduct.  (Doc. # 54, ¶¶ 120-138.) Plaintiffs submitted no affidavits or other appropriate evidence of damages beyond those relating to lost wages.  Unfortunately, as much as the Court would like to award additional compensation for the intangible damages suffered by Plaintiffs, the Court has no evidence before it pursuant to which it can do so. *See Craighead,* 176 Fed. Appx. at 925 (noting that damages in the default judgment context must be proven); *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.").

## IV.   CONCLUSION

Based on the preceding analysis, Defendants Alejo Susano and Wiley Innovations Construction Corp. are jointly and severally liable to Plaintiffs. Accordingly, it is ORDERED that:

1.  Plaintiff Pedro Gregorio Rafael is entitled to $3,994 in damages from Defendants.

---

[4] In their briefing, Plaintiffs conflate the Colorado Labor Code with the CWCA, citing § 8-4-109 of the CWCA but referring to it as "the Colorado Labor Code."  (Doc. # 82 at 20.)

9

2.  Plaintiff Jose Juan Francisco is entitled to $7,991 in damages from

Defendants.

3.  Plaintiff Vincio Gonzalez is entitled to $7,991 in damages from

Defendants.

4.  Plaintiff Jose Juarez Ramirez is entitled to $3,286 in damages from

Defendants.

IT IS FURTHER ORDERED that Plaintiffs are entitled to reasonable

attorneys' fees[5] and are, therefore, permitted to submit within fourteen days of

the entry of judgment a motion and supporting documentation for reasonable

attorneys' fees.  Such motion shall comply with the requirements set forth in

Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3.

IT IS FURTHER ORDERED that Plaintiffs shall have their costs by the

filling of a Bill of Costs with the Clerk of the Court within ten days of the entry

of judgment.

IT IS FURTHER ORDERED that the caption on all subsequent filings in

this matter shall reflect the proper parties, as set forth in the caption above.

DATED:  November __16__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[5] An award of Attorneys' fees is mandatory under the FLSA.  *See* 29 U.S.C. § 216(b).