**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 10-cv-00332-CMA-MEH

JOSE JUAN FRANCISCO,
VINCIO GONZALEZ,
JOSE JUAREZ RAMIREZ, and
PEDRO GREGORIO RAFAEL,

Plaintiffs,

v.

ALEJO SUSANO, and
WILEY INNOVATIONS CONSTRUCTION CORP.

Defendants.

---

**PLAINTIFFS' MOTION TO ALTER OR AMEND A JUDGMENT**

---

Plaintiffs, through counsel, respectfully submit this Motion to Alter or Amend a Judgment, pursuant to Fed. R. Civ. P. 59(e). Specifically, plaintiffs request that the District Court reconsider the damages entered in its Default Judgment in a Civil Action (Doc. #97, entered Nov. 17, 2011). They do not object to the actual entry of Default Judgment, but request reconsideration of damages.

## I. Procedural History

This recitation of procedural history will be limited to Defendants Alejo Susano and Wiley Innovations Construction Corp., as the defendants relevant to this motion.

The complaint in this action was filed on Feb. 17, 2010, alleging violations by various defendants, including Defendant Alejo Susano, of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPRA"), 18 U.S.C. § 1589 *et seq*., the Colorado Wage Act, Colo. Rev. Stat. § 8-6-101 *et seq.*, the Colorado Labor Code, Colo. Rev. Stat. §§ 8-2-101 *et seq.* and 8-4-101 *et seq.*, and Colorado Common Law. (Doc. #6).

On August 30, 2010, Plaintiffs filed their First Amended Complaint with this court adding three additional defendants to the action, including Defendant Wiley Innovations Construction Corp. (Doc. #54).

On November 10, 2010, default was entered as to Defendant Alejo Susano. (Doc. #65). On March 8, 2011, default was entered as to Defendant Wiley Innovations Construction Corp. (Doc. #68).

On May 27, 2011, Plaintiffs filed a Motion for Rule 55(B)(2) Default Judgment (Doc. #81), accompanied by a Memorandum of Law in Support of Plaintiffs' Motion for Rule 55(b)(2) Default Judgment (Doc. #82), and supporting documents. The District Judge on July 7, 2011 scheduled a Show Cause Hearing to be held on July 14, 2011 (Doc. #90). Plaintiffs' Counsel attended the Show Cause Hearing on July 14, 2011 (Doc. #93). Plaintiff Vincio Gonzalez appeared telephonically by leave of the court (Doc. #92, #93). At the Show Cause Hearing, the District Judge ordered additional briefing to substantiate claims for damages in excess of the actual damages (Doc. #93).

Plaintiffs submitted a Supplemental Memorandum of Law Regarding Damages in Support of Plaintiffs' Motion for Rule 55(B)(2) Default Judgment in a timely manner on

August 1, 2011 (Doc. #94). On November 16, 2011, the District Judge issued an Order Entering Default Judgment Against Defendants Alfonso Susano *[sic]* and Wiley Innovations Construction Corp. (Doc. #95, filed on November 16, 2011 and entered on November 17, 2011). The Deputy Clerk entered a Default Judgment in a Civil Action on November 17, 2011 (Doc. #97). On December 13, 2011, the District Judge entered an order dismissing another Defendant Daniel Wiley, from the case (Doc. #99). This order also ordered that the case be dismissed in its entirety (Doc. #99).

## II. Basis for Motion to Alter or Amend a Judgment, pursuant to Fed. R. Civ. P. 59(e)

Fed. R. Civ. P. 59(e) requires that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Judgment is entered only when it is set forth in a separate document and the substance of that separate document is recorded in the official court docket. *Kaster v. Safeco Ins. Co. of America,* No. 01-2190-JWL, 2002 U.S. Dist. LEXIS 24595 at *5 (D. Kan., Dec. 12, 2002), *Herrera v. First Northern Sav. & Loan Assoc.,* 805 F.2d 896, 899 (10th Cir. 1986). Here, the Deputy Clerk entered judgment on November 17, 2011 (Doc. #97). Thus, the 28-day period for filing will end on December 15, 2011 and the instant Motion is timely filed.

Rule 59(e) itself does not state the specific grounds for filing such a motion. Case law, therefore, is instructive. Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or when there is a need to correct clear error or prevent manifest injustice. *Harris v. Allstate Ins. Co.,* No. 09-cv-01953-LTB-MJW, 2010 U.S. Dist. LEXIS 115113, *5 (D. Colo. Oct. 27,

2010), *Mantle Ranches Inc., v. U.S. Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997). A Rule 59(e) motion is proper when the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension, or there has been a significant change or development in the law or facts since submission of the issues to the court. *Gregg v. American Quasar Petroleum Co*., 840 F.Supp. 1394, 1401 (D. Colo. 1993).

One leading treatise describes four basic grounds upon which a Rule 59(e) motion may be granted: to correct manifest errors of law or fact upon which the judgment is based; so that the moving party may present newly discovered or previously unavailable evidence; to prevent manifest injustice; or due to an intervening change in controlling law. 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d. ed. 1995, 2011 Supp.) ("Wright, Miller and Kane").

**III. Argument**

Here, plaintiffs assert the third and fourth grounds set forth in *Harris:* that there is a need to correct clear error or prevent manifest injustice. These also are the first and third grounds set forth by Wright, Miller and Kane.

As a preliminary matter, the caption of the District Judge's decision states that default judgment was ordered against defendant "Alfonso Susano" (Doc. #95). Alfonso Susano was voluntarily dismissed from the case on June 8, 2011 (Doc. #86). The Susano defendant who was the subject of the Motion for Default Judgment was Alejo Susano (Doc. #81).

**A. Need to Correct Clear Error**

The District Court erred in stating that the Plaintiffs failed to identify any authority allowing the Court to award punitive damages under Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589, 1590 and 1595 (TVPRA). The District Court further erred in stating that Plaintiffs failed to provide evidence of damages in support of an award of damages under the TVPRA, state law and common law claims.

**1. Legal Errors: TVPRA and Other Case Law**

The District Court awarded nominal damages of $1 to each plaintiff for claims raised under the TVPRA. In doing so, the Court stated that the Plaintiffs do not identify any authority for punitive damages and fail to provide a metric for actual damages. (Doc. #95, p. 7-8). While the order rejects the arguments raised in the relevant and factually similar *Aguilar v. Imperial Nurseries*, No. 3:07-cv-193, 2008 U.S. Dist. LEXIS 48404 (D. Conn. May 28, 2008), the Court erred in neglecting other authority raised in the briefing. The Court also erred in stating that the Plaintiffs did not identify any authority for punitive damages.

Specifically, the Court erred in overlooking *Peña Canal v. de la Rosa Dann*, *et al.,* No. 09-03366, 2010 U.S. Dist. LEXIS 97856, at *10 (N.D. CA Sept. 2, 2010). A former housekeeper brought suit against her traffickers, also alleging violations of 18 U.S.C. §§ 1589, 1590 and 1595, along with wage and hour and tort claims. The court determined she was entitled to compensatory damages consisting of both the value of her wages and additional damages attributable to the tortious conduct she endured. Further, the court explicitly stated that she was entitled to punitive damages under 18

U.S.C. § 1595. *Id.* at *11. In that case, the court awarded punitive damages in an amount equal to the victim's compensatory damages. Total damages awarded were $618,812.82. *Id.* at *12.

Using *Peña Canal* as a model, the District Court in the instant case has ample authority upon which to award the following:

| **Party** | **FLSA Damages** | **TVPRA Damages at Equal Amount** | **Total FLSA/TVPRA** |
|---|---|---|---|
| Plaintiff Juan Francisco | $7,991.00 | $7,991.00 | $15,982 |
| Plaintiff González | $7,991.00 | $7,991.00 | $15,982 |
| Plaintiff Juárez Ramirez | $3,286.00 | $3,286.00 | $6,572 |
| Plaintiff Gregorio Rafael | $3,994.00 | $3,394.00 | $7,988 |

In the alternative, the court also erred in not considering another basis for calculating punitive damages: drawing upon the value of the work performed. The U.S. Department of Labor's prevailing wage evaluation provides guidance, and was provided with the Plaintiffs' Supplemental Memorandum of Law Regarding Damages in Support of Plaintiffs' Motion for Rule 55(B)(2) Default Judgment (Doc #94-1). The prevailing wage in Colorado Springs, Colorado, in 2008 for various construction workers, including construction carpenters, the work the Plaintiffs performed as framers, was $18.50 per

hour. That serves as an indicator of the value of the labor provided, as opposed to the promised wage. Courts have calculated compensatory and punitive damages based on this prevailing wage. For example in *Mazengo v. Mzengi*, No. 07-756, 2007 U.S. Dist. LEXIS 99377, *13-15 (D. D.C. Dec. 20, 2007), the court allowed additional damages based on the value of the plaintiff's services, although not in the TVPRA context because the trafficking occurred before the existence of the private right of action later available through 18 U.S.C. § 1595. However, the court otherwise did not rule out this analysis of the value of services in the TVPRA damages calculation, even though it could only apply it in the context of assessing unjust enrichment.

Based on a prevailing wage calculation, the Court has the authority to award the following punitive damages:

| **Party** | **Hours of "Straight" Time** | **Hours of Overtime** | **Prevailing Wage for "Straight Time" (hours x $18.50)** | **Prevailing Wage for Overtime (hours x $27.75)** | **Total TVPRA Punitive Damages** |
|---|---|---|---|---|---|
| Plaintiff Juan Francisco | 239 | 107 | $4,421.5 | $2,969.25 | $7,390.75 |
| Plaintiff González | 239 | 107 | $4,421.5 | $2,969.25 | $7,390.75 |
| Plaintiff Juárez Ramirez | 120 | 29.5 | $2,220.00 | $818.63 | $3,038.63 |
| Plaintiff Gregorio Rafael | 120 | 41 | $2,220.00 | $1,137.75 | $3,357.75 |

Finally, the Court erred in overlooking U.S. Supreme Court precedent, which has found that punitive damages equal to double, triple or quadruple the amount of compensatory damages is appropriate. Courts reviewing punitive damages to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003).

**2. Factual Errors**

The District Court erred in stating that Plaintiffs failed to provide evidence pursuant to which the Court could reasonably calculate a TVPRA award. (Doc. #95, p. 7). The Court further stated that while the Court would like to award additional compensation for the intangible damages suffered by Plaintiffs as a result of violations of state labor laws and the common law claims of false imprisonment and outrageous conduct, the court could not do so, since no evidence was provided. (Doc. #95, p. 9).

Plaintiff Vincio González specifically attended the July 14, 2011 Show Cause Hearing to provide testimony regarding the facts of the case, including the harm suffered by him and the other defendants (Doc. #93). The District Judge explicitly declined to take testimony from Mr. González, stating that she had legal questions, not

fact questions.[1] Because the hearing was scheduled with only one week's notice (Doc. #90, 93), counsel for plaintiffs was unable to secure a Q'anjob'al (also written as Kanjobal) interpreter for the other three plaintiffs. Q'anjob'al is their first language. However, Mr. González missed work to be available to testify, with the assistance of a Spanish-English interpreter, but his testimony was declined. Nor were declarations requested at this hearing. The court simply ordered counsel to provide additional briefing on the legal issues (Doc. #93), which she provided in a timely manner (Doc. #94).

Thus, the District Court erred in stating that Plaintiffs failed to provide evidence. If the District Court required further evidence to support claims under the TVPRA, state labor statutes or the common law claims for false imprisonment and outrageous conduct, the Court should have allowed the testimony of Mr. González. Nevertheless, as evidence of what Mr. González would have testified to, as well as the others, had they been provided sufficient time and opportunity, Plaintiffs provide three declarations as exhibits to this Motion.

**B. Need to Prevent Manifest Injustice**

Altering or Amending the Default Judgment in this case is necessary to prevent manifest injustice. This injustice arises on two levels: procedural aspects of the case and the greater policy issue of punishing those who exploit America's work force.

---

[1] Plaintiffs' Counsel has requested a transcript of the July 14, 2011 Show Cause Hearing to document assertions made about the content of the hearing. The transcript has not yet been produced, but will be provided to the court in a supplemental filing when received.

**1. Procedural Aspects of the Case**

As stated, the Show Cause Hearing was scheduled only one week in advance, and in fact arrived while Counsel was out of state, returning to Colorado on July 11, 2011. At that Show Cause Hearing, the District Judge articulated three concerns, all related to the TVPRA or the ability to award punitive damages. Plaintiffs' Supplemental Briefing addressed these concerns. (Doc. #94).

The District Judge did not request briefing on the question of whether dual recovery of damages is permissible under the Fair Labor Standards Act (FLSA) and the Colorado Wage Act (referred to as the CWCA in the District Court order) (Doc. #95, p. 8). Yet, in the order, the District Judge declined to allow dual recovery, stating that Plaintiffs provided no authority on the question. If the District Court had indicated that this was a concern, counsel would have briefed the issue. It is reasonable for Plaintiffs in such a situation to address the issues raised by the court, and unjust to penalize Plaintiffs for not addressing other issues when they were not raised at the Show Cause Hearing.

As stated in III.A.2, the District Judge declined the testimony of Defendant González at the July 14 hearing. To later refuse an award of damages for a lack of evidence, when such evidence was proffered, also is manifestly unjust. Plaintiffs respectfully suggest that it is appropriate for the District Court to alter or amend the Default Judgment, and in doing so, to consider the exhibits submitted with this Motion.

**2. Policy/Societal Issue**

The District Court order of $1 in nominal damages based on TVPRA claims provides a green light to individuals who subject workers to forced labor and other forms of exploitation. The order basically states that Wage and Hour penalties are the appropriate remedy for egregious exploitation. A predator who tricks workers, subjects them to hunger, wage theft and abusive treatment is held no more accountable than an honest employer who falls short on her or his payroll due to the bad economy, for example. An order of punitive damages above and beyond the Wage and Hour penalties will send a message to predatory employers that their conduct will not be permitted in this society.

An order of punitive damages further will send a message to honest employers that they are correct to abide by U.S. laws, that the system will not reward those who disrespect U.S. and state laws. Without this message, unscrupulous employers will continue to undercut legitimate employers trying to abide by the laws. Legitimate business will lose contracts, such as the Wyndam Place II Senior Residence framing subcontract, in favor of predators.

**IV. Conclusion**

Plaintiffs respectfully request that the District Court reconsider the amount of damages entered in the Default Judgment. Plaintiffs have identified the District Court's authority to award the damages requested. Plaintiffs assert that it was erroneous to refuse Mr. González's testimony at the July 14, 2011 Show Cause Hearing, but then to deny a damages award due to lack of evidence. Plaintiffs request that the District Court

consider the attached affidavits and reconsider damages to avoid manifest injustice and to correct clear error.

Dated this 14th day of December, 2011.

/s Patricia Medige
Patricia Medige
COLORADO LEGAL SERVICES
1905 Sherman Street, Ste. 400
Denver, CO 80203-1811
Telephone: (303) 866-9385
FAX: (303) 830-7860
E-mail: pmedige@colegalserv.org
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December, I electronically filed the above Plaintiffs' Motion to Alter or Amend a Judgment using the EM/ECF system.

/s Patricia Medige
Patricia Medige
Attorney for Plaintiffs
**Colorado Legal Services**
1905 Sherman Street, Suite 400
Denver, CO 80203
Telephone: (303) 866-9385
FAX: (303) 830-7860
E-mail: pmedige@colegalserv.org