**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00332-CMA-MEH

JOSE JAUN FRANCISCO,
VINCIO GONZALEZ,
JOSE JUAREZ RAMIREZ, and
PEDRO GERGORIO RAFAEL,

    Plaintiffs,

v.

ALEJO SUSANO, and
WILEY INNOVATIONS CONSTRUCTION CORP.,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT**

---

This matter is before the Court on Plaintiffs' "Motion to Alter or Amend a Judgment." (Doc. # 100.) For the reasons that follow, Plaintiffs' motion is granted in part and denied in part.

**I. BACKGROUND**

The facts and procedural history of this case are set forth in this Court's November 16, 2011 Order, which entered default judgment against Defendants.[1]

---

[1] In the instant motion, Plaintiffs correctly note that the caption of the Court's November 16, 2011 Order erroneously listed Defendant **Alejo** Susano as **Alfonso** Susano. Alfonso Susano had been a defendant in this case but was voluntarily dismissed on June 8, 2011. (*See* Doc. # 86.) The body of the Court's Order, as well as the subsequent "Default Judgment in a Civil Action" (Doc. # 97), named the correct Susano. Nonetheless, the Court's November 16, 2011 Order will be amended to reflect in the caption the correct Susano.

(Doc. # 95.) Nonetheless, some of those background details are relevant to the Court's analysis, and so they are repeated here.

Plaintiffs initiated this action on February 17, 2010, asserting violations by Defendants of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589, *et seq.*; the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-6-101, *et seq.*; the Colorado Labor Code, Colo. Rev. Stat. § 8-2-101, *et seq.*; and Colorado common law. (Doc. # 6; *see also* Doc. # 54.) The claims stemmed from Defendants' abusive and coercive techniques in recruiting and managing Plaintiffs during their work on a construction project.

At Plaintiffs' request, the Clerk of the Court entered default against Defendant Alejo Susano on November 10, 2010 (Doc. # 65), and against Defendant Wiley Innovations Construction Corp. on March 8, 2011 (Doc. # 68). Plaintiffs then moved for default judgment (Doc. # 81) and submitted a supporting memorandum of law (Doc. # 82). The memorandum, purporting to proceed through a "claim-by-claim analysis and calculation of damages" (*id.* at 10 (capitalization and emphasis deleted)), only addressed the FLSA, TVPRA, and CWCA (*see id.* at 10-21). Plaintiffs did not address entitlement to damages for their Colorado Labor Code claims[2] or those arising under Colorado common law. (*See id.*)

---

[2] As the Court noted in the November 16, 2011 Order, Plaintiffs "conflate[d] the Colorado Labor Code with the CWCA, citing § 8-4-109 of the CWCA but referring to it as "the Colorado Labor Code." (Doc. # 95 at 9 n.4.)

Included in Plaintiffs' memorandum was a claim for $720,000 in damages under the TVPRA (Doc. # 82).[3]  However, because Plaintiffs' submissions did not establish a sufficient basis for such a request, the Court directed Plaintiffs "to show cause as to why the requested award . . . is justified by the alleged conduct and by applicable legal authority."[4]  (Doc. # 90.)

At the July 14, 2011 show cause hearing, the Court focused on the threshold legal question of whether the Court could order such a significant amount of damages under the TVPRA.  (*See* Doc. # 101.)  At the end of the hearing, the Court directed Plaintiffs to submit further briefing to substantiate their TVPRA damages claim.  (*Id.* at 10.)  Plaintiffs subsequently provided a supplemental memorandum of law, addressing damages under the TVPRA.  (Doc. # 94.)

On November 16, 2011, the Court entered default judgment against Defendants, awarded Plaintiffs compensatory and liquidated damages under the FLSA, and awarded them nominal damages under the TVPRA.  (*See* Doc. # 95.)  Plaintiffs timely filed the instant motion under Federal Rule of Civil Procedure 59(e) to "request reconsideration of damages."  (Doc. # 100 at 1.)

## II.  DISCUSSION

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

---

[3] This figure amounts to $6,000 per Plaintiff per day.  (*See* Doc. # 82 at 19.)

[4] The Court's show cause order refers to the amount requested by Plaintiffs as $3,000 per Plaintiff per day.  (*See* Doc. # 90.)  However, as indicated in the previous footnote, Plaintiffs were actually seeking twice that amount, because they requested $3,000 per Plaintiff per day **for two separate TVPRA** violations.  (*See* Doc. # 82 at 19.)

judgment." A plaintiff may file a Rule 59(e) motion to "correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quotation marks and citations omitted). In the instant case, Plaintiffs assert "that there is a need to correct clear error or prevent manifest injustice" and raise several supporting arguments, which the Court will address in turn, below.

**A.     TVPRA LAW**

Plaintiffs first assert that the Court's Order erred in discussing the legal authority they advanced to substantiate their claim for punitive damages under the TVPRA. (Doc. # 100 at 5.) Specifically, Plaintiffs' argue that the Court erred (1) "in stating that the Plaintiffs did not identify any authority for punitive damages" and (2) "in neglecting other authority raised in the briefing." (*Id.*) Neither argument is convincing.

In its Order, the Court stated that "Plaintiffs do not identify any authority for punitive damages . . . ." (Doc. # 95.) A literal interpretation of the Court's statement could leave the reader with the sense that Plaintiffs actually cited no cases to support their position. However, when read in context, it is clear that what the Court meant is that Plaintiffs do not identify any **useful** authority for punitive damages. Indeed, the Court specifically noted that Plaintiffs relied on *Aguilar v. Imperial Nurseries*, No. 3-07-cv-193, 2008 WL 2572250 (D. Conn. May 28, 2008) (unpublished), but explained that *Aguilar* did not adequately identify a basis on which the Court could award punitive damages under the TVPRA. The Court continues to view *Aguilar* as insufficient support for Plaintiffs' claim

because the *Aguilar* court did not explain the authority under which it awarded punitive damages in that case.

The other authorities Plaintiffs cited were equally as unpersuasive. Thus, "neglecting" them seemed, at the time, to be the most efficient course. For example, *Peña Canal v. de la Rosa Dann*, No. 09-03366, 2010 U.S. Dist. LEXIS 97856, at *11 (N.D. Cal. Sept. 2, 2010) (unpublished), which Plaintiffs previously cited (Doc. # 94 at 6), and which they highlight in the instant motion (Doc. # 100 at 5), suffers from the same infirmity as *Aguilar*. Namely, the *de la Rosa Dann* court offers no explanation for its decision to award punitive damages under the TVPRA. *See id.* The Court is not opposed to awarding punitive damages and, in fact, agrees with Plaintiffs that there are some good policy reasons for doing so in this case. The Court made it clear that it needed more persuasive authority from Plaintiffs regarding its authority to award punitive damages pursuant to the TVPRA. However, Plaintiffs failed to provide the requested authority. Plaintiffs' reliance on cases which simply state, without explanation, that punitive damages are available under the TVPRA did not, and does not, persuade the Court.[5]

**B.     ALLEGED FACTUAL ERRORS**

Because Plaintiffs failed to persuade the Court that it had authority to award punitive damages under the TVPRA, whether the Court erred in stating

---

[5] Nor is the Court persuaded by Plaintiffs' citation to *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003). That case does not, as Plaintiffs seem to suggest, authorize the award of punitive damages in the absence of express statutory authority but, rather, concerns due process limitations on excessive punitive damages. *See id.* at 412 ("We address once again the measure of punishment, by means of punitive damages, a State may impose upon a defendant in a civil case. The question is whether . . . an award of $145 million in punitive damages, where full compensatory damages are $1 million, is excessive and in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.").

that Plaintiffs had not presented sufficient evidence upon which the Court could calculate such an award is irrelevant.[6] In any event, the Court disagrees with Plaintiffs' assertion that the Court "erred in stating that Plaintiffs failed to provide evidence" of damages under the TVPRA. (Doc. # 100 at 9.) Plaintiffs provided no affidavits or other evidence to support such damages when they filed their motion for default judgment. (*See* Docs. ## 81 and 82.) While the Court agrees with Plaintiffs that it could have elicited testimony from Plaintiff Vincio Gonzalez at the July 14, 2011, show cause hearing, Plaintiffs – not the Court – bore the burden of proving damages but did not submit evidence to substantiate their claims when they filed their motion for default judgment. *See, e.g.*, *United States v. Craighead*, 176 Fed. Appx. 922, 925 (10th Cir. 2006) (unpublished) (noting that damages in the default judgment context must be proven). Regardless, as already mentioned, lack of evidence to substantiate Plaintiffs' TVPRA damages claim was immaterial because Plaintiffs failed to persuade the Court that it had authority to award the damages requested.[7]

Further, the Court is not persuaded by Plaintiffs' assertion that the Court erred in not awarding damages under the CWCA. (Doc. # 100 at 10.) In the

---

[6] For the same reason, Plaintiffs' assertion that the Court erred in not considering whether to use a "prevailing wage calculation" to award punitive damages under the TVPRA misses the mark. (*See* Doc. # 100 at 6-7.) Considering how to calculate damages makes sense only after deciding that such damages are available.

[7] For this reason, consideration of the affidavits Plaintiffs submitted with the instant motion (Docs. ## 101-1, 101-2, and 101-3) does not avail them on their TVPRA damages claim. Nor do the affidavits entitle Plaintiffs to relief under the Colorado Labor Code or Colorado common law. As indicated in the text above, Plaintiffs did not move for damages on either of those grounds, despite having raised them in their Amended Complaint. (*See* Docs. ## 81 and 82.) Plaintiffs' total damages calculation (Doc. # 82 at 20), as well as their proposed order (Doc. # 82-5), did not mention damages under the Colorado Labor Code or Colorado common law.

November 16, 2011 Order, the Court noted that Plaintiffs were entitled to assert claims for relief under both the FLSA and the CWCA but also stated that "Plaintiffs provide no authority, nor is the Court aware of any, allowing *recovery* under both." (Doc. # 95 at 8 (emphasis in original).) Accordingly, the Court permitted Plaintiffs to recover only under the FLSA, which provided them with a greater damages award. (*Id.*) Plaintiffs now argue that, because the Court "did not request briefing on the question of whether dual recovery of damages is permissible" under the FLSA and the CWCA, it was manifestly unjust for the Court to preclude recovery under both provisions. (Doc. # 100 at 10.) Again, however, the burden of proving damages was on Plaintiffs. The Court is not required to prompt a moving party to address an issue central to its claim when it moves for relief. As such, no injustice occurred here, nor were Plaintiffs "penalize[d]," as they assert, when the Court concluded that they had failed to meet their burden.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' "Motion to Alter or Amend a Judgment" (Doc. # 100) is GRANTED IN PART to the extent that the caption of the Court's November 16, 2011 Order SHALL BE AMENDED so as to replace "Alfonso Susano" with "Alejo Susano"; in all other respects, the motion is DENIED.

DATED: August 23, 2012

8

BY THE COURT:

s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge