IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Case No. 10-cv-00332-CMA-MEH

JOSE JUAN FRANCISCO,
VINICIO GONZALEZ,
JOSE JUAREZ RAMIREZ, and
PEDRO GREGORIO RAFAEL,

    Plaintiffs,

v.

ALEJO SUSANO, and
WILEY INNOVATIONS CONSTRUCTION CORP., a Nebraska corporation

    Defendants.

## ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS ALEJO SUSANO AND WILEY INNOVATIONS CONSTRUCTION CORP.

This matter is before the Court pursuant to Plaintiffs' Motion for Default Judgment against Defendants Alejo Susano and Wiley Innovations Construction Corp. (collectively, "Defendants"). (Doc. # 81.) For the reasons discussed below, default judgment shall be entered against Defendants.

### I. BACKGROUND

Pedro Gregorio Rafael, Jose Juan Francisco, Vinicio Gonzalez, and Jose Juarez Ramirez (collectively, "Plaintiffs") initiated this action on February 17, 2010, asserting violations by Defendants of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C.

§ 1589, *et seq.*; the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-6-101, *et seq.*; the Colorado Labor Code, Colo. Rev. Stat. § 8-2-101, *et seq.*; and Colorado common law. (Doc. # 6.) The claims stem from Defendants' purported abusive and coercive techniques in recruiting and managing Plaintiffs during their construction work on the Wyndam Place Senior Residences, a senior citizens apartment complex in Colorado Springs, Colorado.

Plaintiffs contend that Defendant Susano recruited them from Omaha, Nebraska, to help construct the Wyndam. (Doc. # 82 at 5.) Purportedly, Plaintiffs agreed to work on the project in Colorado Springs for $10 to $11 an hour. (*Id.* at 5-6.) In addition to their wages, Plaintiffs assert that Defendants promised them: free housing, free meals, and a trip back to Omaha every fifteen days. (*Id.* at 6.)

According to Plaintiffs, rather than live up to this bargain, Defendants made Plaintiffs "sleep on the floor in the living room of a two-bedroom apartment" and "left the Plaintiffs hungry to the point that they were weak . . . ." (*Id.* at 7.) Allegedly, Defendants used thirst and hunger to punish Plaintiffs while simultaneously withholding pay. (*Id.* at 7-8.)

The Clerk of the Court entered default against Alejo Susano on November 10, 2010 (Doc. # 65), and against Wiley Innovations Construction Corp. on March 8, 2011 (Doc. # 68). Plaintiffs then provided a Memorandum of Law detailing the appropriate damage award for the default judgment. (Doc. # 82.) Thereafter, this Court ordered supplemental briefing on the appropriate damage award for the TVPRA violations.

(Doc. # 93.) Plaintiffs provided an August 1, 2011, Supplemental Memorandum of Law discussing the appropriate damage award under the TVPRA. (Doc. # 94.)

On August 16, 2013, following the Tenth Circuit's remand in this case, *Francisco v. Susano*, No. 12-1376, 2013 WL 2302691 (10th Cir. May 28, 2013) (unpublished), Plaintiffs submitted additional documents in support of their request for punitive damages under the TVPRA. (Doc. # 116.) At an evidentiary hearing also held on August 16, 2013, all four plaintiffs testified telephonically as to the issue of damages. (*See* Doc. # 117.) As to the claims for damages, the Court, after hearing all Plaintiffs' testimony, and the manner in which they testified, has determined that Plaintiffs were highly credible witnesses. The Court finds that their testimony about the conditions of their employment and their treatment at the hands of Defendants was compelling and believable.

The Court has reviewed the motion, the exhibits and affidavits, the memoranda, and the applicable law, and is sufficiently advised on the issues involved. Plaintiffs' Motion for Default Judgment is granted as described herein. The Court's previous Order Entering Default Judgment, entered November 16, 2011, is hereby vacated. (Doc. # 95.)

## II. STANDARD OF REVIEW

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Fed. R. Civ. P. 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, as here, "the party must apply to the court for a default judgment." Fed. R.

Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted). Finally, "when a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." *United States v. Craighead,* 176 Fed. Appx. 922, 925 (10th Cir. 2006) (unpublished) (quoting *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001)).

### III. <u>CONCLUSION OF LAW</u>

Taking the facts discussed above as true, Defendants violated several state and federal laws. The Court addresses each in turn.

**A.     FLSA VIOLATIONS**

The FLSA provides covered workers a minimum wage and guarantee of overtime payment for all hours worked in excess of forty in a given workweek. *See* 29 U.S.C. § 201, *et seq*. An employer who violates the FLSA minimum wage provision is liable to the affected employee for the unpaid promised wage and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b); *see also Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304-05 (10th Cir. 2011) ("The regular rate is the hourly rate actually paid for the normal, non-overtime workweek.") (internal quotation marks

and citation omitted).  As interpreted, this provision allows for "both compensatory damages as well as 'an additional equal amount as liquidated damages,' essentially doubling the plaintiffs' damage award" for regular wage claims.  *Mumby v. Pure Energy Servs.*, 636 F.3d 1266, 1272 (10th Cir. 2011) (quoting 29 U.S.C. § 216(b)).  In addition to compensatory damages for regular hours worked, an employee who is required to work more than forty hours per week shall "receive[ ] compensation for his employment in excess of the [forty hours] at a rate not less than one and one-half times the [promised wage]."  29 U.S.C. § 207(a)(1).  Additionally, as with regular hours, employees also receive liquidated damages for all unpaid overtime wages.  29 U.S.C. § 216(b) (employees shall receive "an additional equal amount as liquidated damages" for overtime wages).  Accordingly, Plaintiffs' damages are as follows[1]:

    1.    Plaintiff Rafael, who was promised a regular rate of $11 per hour, is due $702 for 120 regular hours, plus liquidated damages of $702 as permitted under the FLSA. 29 U.S.C. § 216(b).  For his overtime claim, Plaintiff Rafael is entitled to $676.50 in damages for working 41 hours of overtime at one and one-half times his regular rate, plus a matching $676.50 in liquidated damages. 29 U.S.C. § 207; 29 U.S.C. § 216(b).  Therefore, Plaintiff Rafael is entitled to $2,757 in damages for his FLSA claims.

    2.    Plaintiff Francisco, who was promised a regular rate of $10 per hour, is due $1,398.15 for 239 regular hours worked, plus liquidated damages of $1,398.15 as permitted under the FLSA. 29 U.S.C. § 216(b).  For his overtime claim, Plaintiff

---

[1] In its opinion, the Tenth Circuit clarified that the calculation for overtime work is based on the regular rate at which the worker is employed, while calculation for non-overtime work is based "on the legislatively set minimum rate for regular time." *Susano*, 2013 WL 2302691, at *1 n.3.

Francisco is entitled to $1,605 in damages for working 107 hours of overtime at one and one-half times the regular rate, plus a matching $1,605 in liquidated damages. 29 U.S.C. § 207; 29 U.S.C. § 216(b).  Therefore, Plaintiff Francisco is entitled to $6,006.3 in damages for his FLSA claims.

      3.     Plaintiff Gonzalez, who was promised a regular rate of $10 per hour, is due $1,398.15 for 239 regular hours worked, plus liquidated damages of $1,398.15 as permitted under the FLSA.  29 U.S.C. § 216(b).  For his overtime claim, Plaintiff Gonzalez is entitled to $1,605 in damages for working 107 hours of overtime at one and one-half times the regular rate, plus a matching $1,605 in liquidated damages. 29 U.S.C. § 207; 29 U.S.C. § 216(b).  Therefore, Plaintiff Gonzalez is entitled to $6,006.3 in damages for his FLSA claims.

      4.     Plaintiff Ramirez, who was promised a regular rate of $10 per hour, is due $702 for 120 regular hours worked, plus liquidated damages of $702 as permitted under the FLSA.  29 U.S.C. § 216(b).  For his overtime claim, Plaintiff Ramirez is entitled to $442.50 in damages for working 29.5 hours of overtime at one and one-half times the regular rate, plus a matching $442.50 in liquidated damages. 29 U.S.C. § 207; 29 U.S.C. § 216(b). Therefore, Plaintiff Ramirez is entitled to $2,289 in damages for his FLSA claims.

**B.**    **TVPRA VIOLATIONS**

The TVPRA prohibits recruiting, harboring, transporting, providing, or obtaining by any means any person for labor or services in violations of laws prohibiting slavery or involuntary servitude.  18 U.S.C. § 1590(a).  This provision contains a civil enforcement

section which provides, in pertinent part, that victims of the crimes articulated in the TVPRA may sue the perpetrators and "recover damages." 18 U.S.C. § 1595(a). These damages include the availability of punitive damages, as the Tenth Circuit ruled in the instant case. *Susano*, 2013 WL 2302691, at *1; *see also, Ditullio v. Boehm*, 662 F.3d 1091, 1098 (9th Cir. 2011).

Plaintiffs seek $10,000 per person per day in punitive damages for their TVPRA claims, pursuant to an analogous case decided in December, 2012. *Ballesteros v. Al-Ali*, No: 11-152 (D.R.I. Dec. 26, 2012). Due to the egregious nature of Defendants' conduct, and the emotional and physical toll such conduct had on Plaintiffs, the Court concurs and hereby orders that punitive damages be awarded in the amount of $10,000 per Plaintiff per day for their TVPRA claims, as follows:

1. Plaintiff Rafael is due $190,000, based on the 19 days his rights under the TVPRA were violated;

2. Plaintiff Francisco is due $390,000, based on 39 days;

3. Plaintiff Gonzalez is due $390,000, based on 39 days;

4. Plaintiff Ramirez is due $250,000, based on 25 days.

**D.   REMAINING CLAIMS**

For their remaining claims, Plaintiffs only sought default judgment on their CWCA claim. (*See* Doc. # 82.) The FLSA does not preempt the CWCA. *See Redmond v. Chains, Inc.*, 996 P.2d 759, 764 (Colo. App. 2000). As such, Plaintiffs are entitled to "assert claims for relief under both statutes." *Id.* However, Plaintiffs provide no authority, nor is the Court aware of any, allowing *recovery* under both. Therefore,

the Court will not permit dual recovery but, instead, will allow recovery under the FLSA, which provides Plaintiffs with a greater damage award.

## IV. **CONCLUSION**

Based on the preceding analysis, Defendants Alejo Susano and Wiley Innovations Construction Corp. are jointly and severally liable to Plaintiffs. Accordingly, it is ORDERED that:

1. Plaintiff Pedro Gregorio Rafael is entitled to $192,757 in damages from Defendants.

2. Plaintiff Jose Juan Francisco is entitled to $396,006.30 in damages from Defendants.

3. Plaintiff Vinicio Gonzalez is entitled to $396,006.30 in damages from Defendants.

4. Plaintiff Jose Juarez Ramirez is entitled to $252,289 in damages from Defendants.

IT IS FURTHER ORDERED that the Court's Order Entering Default Judgment, entered November 16, 2011, is HEREBY VACATED.  (Doc. # 95.)

IT IS FURTHER ORDERED that Plaintiffs are entitled to reasonable attorney fees and are, therefore, permitted to submit within fourteen days of the entry of judgment a motion and supporting documentation for reasonable fees.  Such motion shall comply with the requirements set forth in Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3.

IT IS FURTHER ORDERED that Plaintiffs shall have their costs by the filling of a Bill of Costs with the Clerk of the Court within ten days of the entry of judgment.

DATED:  September  10 , 2013

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge